An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

SHARNEL ANN SILVEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60928

**FILED**

FEB 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of exploitation of an older person, embezzlement, and theft. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Appellant Sharnel Ann Silvey contends that the prosecutor committed misconduct by throwing a book at her during defense counsel's closing argument.[1] Silvey also claims the district court should have sua sponte "warned" the jury "not to derive any meaning by the prosecutor's actions." Silvey did not object to the alleged prosecutorial misconduct, therefore we review for plain error.[2] See Valdez v. State, 124 Nev. 1172,

---

[1]Although we filed the fast track statement submitted by Silvey, it fails to comply with the Nevada Rules of Appellate Procedure. In her fast track statement, Silvey refers to matters in the record without adequate citation to the appendix. See NRAP 3C(e)(1)(C); NRAP 28(e)(1). Counsel for Silvey is cautioned that the failure to comply with the briefing requirements in the future may result in the imposition of sanctions. See NRAP 3C(n); Smith v. Emery, 109 Nev. 737, 743, 856 P.2d 1386, 1390 (1993).

[2]In the brief excerpt of closing arguments provided by Silvey in her appendix, there is no indication that the prosecutor threw the book in question "at" her.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04716

1190, 196 P.3d 465, 477 (2008). Silvey failed to provide this court with the guilt-phase transcripts of the 6-day trial, see Thomas v. State, 120 Nev. 37, 43 & n.4, 83 P.3d 818, 822 & n.4 (2004) ("Appellant has the ultimate responsibility to provide this court with 'portions of the record essential to determination of issues raised in appellant's appeal.'" (quoting NRAP 30(b)(3))), and therefore is unable to demonstrate that she is entitled to relief, see Green v. State, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (when reviewing for plain error, "the burden is on the defendant to show actual prejudice or a miscarriage of justice"). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Janet J. Berry, District Judge
Law Office of Gemma Greene Waldron, PLLC
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk